UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MASON TENDERS DISTRICT COUNCIL OF  :
GREATER NEW YORK, *et al.*,                            :
                                 Plaintiffs,    :
                                         :      15-CV-9600
                -v-                                :
                                         :     <u>OPINION AND ORDER</u>
WESTERN SURETY COMPANY,            :
                             Defendant.  :
------------------------------------------------------------X

J. PAUL OETKEN, District Judge:

      Plaintiffs Mason Tenders District Council of Greater New York (the "Union"), Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, Health and Safety Fund (the "Funds"), and Dominick Giammona in his capacity as Contributions/Deficiency Manager for the Funds (collectively, "Plaintiffs") filed this breach of contract action on December 8, 2015, against defendant Western Surety Company ("Western") to recover against a bond guaranteed by Western. (Dkt. No. 1.) Western now moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6). (Dkt. No. 14.) For the reasons that follow, the motion is denied.

**I.    Background**

      The following facts are taken from the Complaint and are presumed true for purposes of this motion.

      This dispute arises out of a construction project in the Bronx, New York. (Dkt. No. 1 ¶ 12.) G. Fazio Construction ("Fazio"), not a party to this action, served as the general contractor. (*Id.* ¶ 13.) Vertical Building Concepts ("Vertical") was a subcontractor involved with the project, and is also not a party. (*Id.*) The Union furnished workers to Vertical to perform labor on the project between April and at least December 2014. (*Id.* ¶¶ 14-15, 22-26.)

1

Western issued a payment bond ("the Bond") on behalf of Fazio guaranteeing payment and benefits for workers on the project. (*Id.* ¶ 12.) Specifically, the Bond covers any "individual or entity having a direct contract with . . . a subcontractor of the Contractor [i.e., Fazio] to furnish labor" for the project. (*Id.* ¶ 21.)

Plaintiff Funds provide fringe benefits to union workers. (*Id.* ¶ 5.) When a contractor hires workers from the Union, it is required to contribute to the Funds pursuant to collective bargaining agreements. (*Id.*) Vertical contributed to the Funds from April 2014 to June 2014 as required, but failed to remit payments to the Funds from July to December 2014. (*Id.* ¶¶ 16, 23.)

The Union notified both Fazio and Western that Vertical had failed to remit these payments and it sent a notice of claim against the Bond in the amount of $146,095.62. (*Id.* ¶¶ 18-19.) Western denied the claim on the theory that the Union had worked for a secondary subcontractor ("MRG") rather than Vertical, and that, accordingly, the Union did not furnish labor to "a subcontractor of the Contractor" and was not a proper claimant under the terms of the Bond. (*Id.* ¶ 20.) Plaintiffs allege that the Union did in fact perform work for Vertical, and that Vertical had a direct subcontract with Fazio. (*Id.* ¶¶ 13-15, 22-26.)

In November 2015, Plaintiffs reasserted their claim against the Bond, which Western again denied. (*Id.* ¶¶ 28-29.)

**II.     Discussion**

    **A.     Motion to Dismiss Standard**

In order to survive a Rule 12(b)(6) motion to dismiss, a plaintiff must plead sufficient factual allegations "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable

for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The Court must accept as true all well-pleaded factual allegations in the complaint and "draw[] all inferences in the plaintiff's favor." *Allaire Corp. v. Okumus*, 433 F.3d 248, 249–50 (2d Cir. 2006) (internal quotation marks omitted).

### B.   Western's External Evidence

In support of its motion to dismiss, Western has submitted an affidavit and several exhibits. (*See* Dkt. No. 15.) Included in these submissions are copies of (1) the Bond, (2) a contract purporting to assign Vertical's interest in its subcontract with Fazio to MRG, and (3) a contract between Vertical and MRG. (Dkt. Nos. 15-1, 15-2, 15-3.)

According to Western, the effect of the latter two contracts ("the Assignment Contracts") is to insert MRG between Fazio and Vertical in the chain of contractors on the project, meaning that Vertical had a "secondary subcontract" or "sub-subcontract" while MRG had the "direct subcontract." (*See* Dkt. No. 17 at 6, 8.) It follows, Western argues, that the Union may not recover against the Bond, because it did not have "a direct contract with the Contractor or with a subcontractor of the Contractor." (*Id.* at 7.)

Plaintiffs contend that the Assignment Contracts are not properly before the Court on this motion to dismiss. (Dkt. No. 21 at 10-11.)

At the motion to dismiss stage, "the Court confines its consideration to facts stated on the face of the complaint, in documents appended to the complaint or incorporated in the complaint by reference, and to matters of which judicial notice may be taken." *Tannerite Sports, LLC v. NBCUniversal Media LLC*, 135 F. Supp. 3d 219, 225 n.1 (S.D.N.Y. 2015) (quoting *Tokio Marine & Nichido Fire Ins. Co. v. Canter,* No. 07-CV-5599, 2009 WL 2461048, at *4 (S.D.N.Y. Aug. 11, 2009)) (alterations and internal quotation marks omitted). "A court may also consider a

document that is not incorporated by reference where the complaint relies heavily upon its terms and effect, thereby rendering the document integral to the complaint." *Id.* (quoting *Mangiafico v. Blumenthal,* 471 F.3d 391, 398 (2d Cir. 2006)) (internal quotation marks omitted).

Western argues that the Court may rely upon the external evidence that it has submitted in support of its 12(b)(6) motion because (1) Plaintiffs' Complaint incorporates the Bond and the Assignment Contracts by reference, (2) the Complaint "relie[s] upon [these documents'] terms and effects," and (3) "Plaintiffs had notice and/or possession of the documents" when drafting the Complaint. (Dkt. No. 17 at 7 n.1.)

As to whether the documents are incorporated by reference, the Bond is extensively referenced in the Complaint. (*See* Dkt. No. 1 ¶¶ 12, 17, 21.) In fact, the Bond is the very contract that Plaintiffs allege Western breached. (*Id.* ¶¶ 31-41.) It may therefore be considered "'integral' to the complaint," and the Court may rely upon it in resolving this motion. *Tannerite Sports,* 135 F. Supp. 3d at 225 n.1. Because the Assignment Contracts, on the other hand, are not so much as mentioned in the Complaint, they are not incorporated by reference.

Likewise, the Complaint does not "rely" upon the Assignment Contracts so as to render them "integral to the complaint." The Complaint alleges that the Union provided labor directly to Vertical, which had a direct subcontractor relationship with Fazio. (Dkt. No. 1 ¶¶ 13-15, 22-26.) The Assignment Contracts contradict these allegations and purport to show that Vertical contracted directly with MRG rather than Fazio during the relevant period. (Dkt. Nos. 15-2, 15-3.) As a result, it cannot be said that the Complaint "relie[d] heavily upon [the] terms and effect" of the Assignment Contracts. *Chambers v. Time Warner, Inc.*, 282 F.3d 147, 153 (2d Cir. 2002)); *see Anwar v. Fairfield Greenwich Ltd.*, 831 F. Supp. 2d 787, 793 (S.D.N.Y. 2011).

4

Western's third argument—that the Court should consider the Assignment Contracts because Plaintiffs had "notice and/or possession" of them—also fails. For external evidence to be considered on a 12(b)(6) motion, "it is not sufficient that [Plaintiffs] had notice or possession of" that evidence; rather, Plaintiffs "must have *relied upon it* in drafting the complaint." *Gersbacher v. City of New York*, 134 F. Supp. 3d 711, 719 (S.D.N.Y. 2015) (citing *Chambers*, 282 F.3d at 153 (2d Cir. 2002)). As explained above, Plaintiffs did not rely upon the Assignment Contracts in drafting the complaint. Accordingly, even if Plaintiffs had "notice" of the Assignment Contracts, consideration of these documents would not be proper at this stage.

Because Western's motion to dismiss depends on evidence outside the scope of the Court's review, it is denied.[1]

### III. Conclusion

For the foregoing reasons, Western's motion to dismiss is DENIED.

Western shall file an answer to the Complaint on or before August 18, 2016.

The Clerk of Court is directed to close the motion at docket number 14.

SO ORDERED.

Dated: July 28, 2016
New York, New York

_____
J. PAUL OETKEN
United States District Judge

---

[1] Western's request that, in the alternative, this Court convert the motion to dismiss into a motion for summary judgment is denied. (Dkt. No. 17 at 11.) "Federal courts have complete discretion in determining whether to exclude material beyond the pleadings or to convert a motion to dismiss into a motion for summary judgment." *Vail v. City of New York*, 68 F. Supp. 3d 412, 420 (S.D.N.Y. 2014) (citing *Kouakou v. Fideliscare N.Y.*, 920 F. Supp. 2d 391, 396 (S.D.N.Y. 2012)) (internal quotation marks omitted).