UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MASON TENDERS DISTRICT
COUNCIL OF GREATER NEW YORK,
*et al.*,
       Plaintiffs,

  -v-

Western Surety Company, *et al.*,
       Defendants.

15-CV-9600 (JPO)

OPINION AND ORDER

J. PAUL OETKEN, District Judge:

  After this Court entered a default judgment against Defendant Vertical Building Concepts Corp. ("Vertical"), Vertical filed an answer to the Second Amended Complaint (Dkt. No. 79) and now moves this Court to set aside the default judgment (Dkt. No. 80). In response, Plaintiffs Mason Tenders District Council of Greater New York; Mason Tenders District Council Welfare Fund, Pension Fund, Annuity Fund, Training Fund, Health and Safety Fund; and Dominick Giammona, as the Funds' Contribution/Deficiency Manager (collectively, "Mason Tenders") have filed a motion to strike Vertical's answer. (Dkt. No. 85.) For the reasons that follow, the motion to set aside the default judgement is granted, and the motion to strike Vertical's answer is denied.

**I. Background**

  Familiarity with the underlying dispute, as detailed in the Court's prior Order granting default judgment, is presumed. (*See* Dkt. No. 49.)

  Mason Tenders filed the First Amended Complaint in this action on October 10, 2016 (Dkt. No. 36 ("FAC")), and served Vertical with the FAC via service on an agent of the Secretary of State of New York (Dkt. No. 44). Vertical never received actual notice of the FAC, however, because it had changed its address without notifying the Secretary of State. (*See* Dkt.

1

No. 80-1 Ex. A ¶¶ 6, 19, 22 ("Frascone Aff.").) As a result, Vertical failed to answer or otherwise respond to the FAC, and Mason Tenders moved for entry of default judgment. (*See* Dkt. No. 46.) This Court granted Mason Tenders' motion for default judgment against Vertical on January 10, 2017 (Dkt. No. 49), and the Clerk of Court entered judgment against Vertical on January 12, 2017 (Dkt. No. 51). At Mason Tenders' request (*see* Dkt. No. 62), this Court subsequently entered an amended default judgment against Vertical to award relief sought by Mason Tenders in the FAC. (Dkt. No. 65.) Mason Tenders served Vertical with the amended default judgment on March 8, 2017, again through an agent of the Secretary of State. (Dkt. No. 86-1.) As with the FAC, Vertical did not receive actual notice of the amended default judgment through this service. (Frascone Aff. ¶ 23.)

Mason Tenders filed a Second Amended Complaint on February 21, 2017. (Dkt. No. 60 ("SAC").) The SAC did not add any claims against Vertical (*see* SAC), but it did add Anthony Frascone, President of Vertical (*see* SAC ¶ 15; Frascone Aff. ¶ 1), as an individual defendant in the action. Frascone received service of the SAC via mail at his personal home address on March 8, 2017 (Frascone Aff. ¶ 23; *see also* Dkt. No. 69), and he affirms that the first time he had knowledge of the action against Vertical was upon receiving service of the SAC (Frascone Aff. ¶ 23).

Frascone subsequently retained counsel (*id.* ¶ 24), and Vertical filed its first appearance in the case on March 21, 2017 (Dkt. No. 70). On consent, this Court granted the defendants' request for an extension of time to answer the SAC (*see* Dkt. Nos. 74–75), and Vertical filed a timely answer to the SAC on April 27, 2017 (Dkt. No. 79).

Now before the Court are two motions: Vertical's motion to set aside the default judgment (Dkt. No. 80) and Mason Tenders' motion to strike Vertical's answer to the SAC (Dkt. No. 85).

II.     **Discussion**

Under Federal Rule of Civil Procedure 60(b)(1), a court "may relieve a party or its legal representative from a final judgment, order, or proceeding for . . . mistake, inadvertence, surprise, or excusable neglect." Although "final judgments should not 'be lightly reopened,'" *Nemaizer v. Baker*, 793 F.2d 58, 61 (2d Cir. 1986) (quoting *Seven Elves, Inc. v. Eskenazi*, 635 F.2d 396, 401 (5th Cir. 1981)), "[s]trong public policy favors resolving disputes on the merits," *Am. All. Ins. Co. v. Eagle Ins. Co.*, 92 F.3d 57, 61 (2d Cir. 1996). "Accordingly, in ruling on a motion to vacate a default judgment, all doubts must be resolved in favor of the party seeking relief from the judgment in order to ensure that to the extent possible, disputes are resolved on their merits." *New York v. Green*, 420 F.3d 99, 104 (2d Cir. 2005).

"A motion to vacate a default judgment is addressed to the sound discretion of the district court," and the inquiry is "guided principally by three factors: (1) whether the default was willful, (2) whether the defendant demonstrates the existence of a meritorious defense, and (3) whether, and to what extent, vacating the default will cause the nondefaulting party prejudice." *S.E.C. v. McNulty*, 137 F.3d 732, 738 (2d Cir. 1998). Each of these factors counsels in favor of relieving Vertical from the default judgment.

First, Vertical's default was not willful. In the context of a default judgment, "'willfulness' . . . refer[s] to conduct that is more than merely negligent or careless." *Id.* at 738. In contrast to situations in which "the conduct of counsel or the litigant was egregious and was not satisfactorily explained," a defendant's inadvertent mistake may be excusable. *Id.*; *see also*

3

*Am. All. Ins. Co.*, 92 F.3d at 61 ("The subjective inquiry into willfulness effectively distinguishes those defaults that, though due to neglect, are excusable, from those that are not.").

Vertical has offered a satisfactory explanation for its failure to answer the FAC: It never knew that such a complaint existed. (*See* Frascone Aff. ¶ 23). Vertical made no efforts to conceal its address from Mason Tenders—indeed, Vertical and Mason Tenders had several exchanges of correspondence at Vertical's new address. (*See* Dkt. No. 80-1 Exs. B, C.) And upon learning of the action against it, Vertical moved promptly to respond to the SAC. As such, this Court concludes that Vertical's failure to update its address with the Secretary of State does not indicate a willful or "strategic decision to default." *Am. All. Ins. Co.*, 92 F.3d at 60; *cf. Swift Spinning Mills v. B&H Apparel*, No. 00 Civ. 652, 2003 WL 942610, at *2 (S.D.N.Y. Mar. 6, 2003), *aff'd sub nom. Swift Spinning Mills, Inc. v. B & H Apparel Corp.*, 96 F. App'x 761 (2d Cir. 2004) (concluding that the defendant's failure to update its address was willful because "it made no effort to notify *anyone*, including the Secretary of State, that it was changing its address" and because "[t]he facts clearly show that [the defendant] was seeking to hinder its creditor" (emphasis added)).

Second, Vertical has made a threshold showing of the availability of a meritorious defense. "In order to make a sufficient showing of a meritorious defense in connection with a motion to vacate a default judgment, the defendant . . . must present evidence of facts that, 'if proven at trial, would constitute a complete defense.'" *McNulty*, 137 F.3d at 740 (quoting *Enron Oil Corp. v. Diakuhara*, 10 F.3d 90, 98 (2d Cir.1993)). The threshold for making this showing is low. "A defense is meritorious if it is good at law so as to give the factfinder some determination to make." *Am. All. Ins. Co.*, 92 F.3d at 61 (quoting *Anilina Fabrique de Colorants v. Aakash Chemicals and Dyestuffs, Inc.*, 856 F.2d 873, 879 (7th Cir. 1988)); *see also Micolo v. Brennan*,

No. 07 Civ. 4901, 2009 WL 742729, at *10 (E.D.N.Y. Mar. 18, 2009) ("With respect to whether the movant has a meritorious defense, the Defendant must go further than merely 'alleging that a defense exists.' However, the threshold is very low—the movant need only present some evidence demonstrating 'that if relief is granted the outcome of the suit may be different than if the entry of default or the default judgment is allowed to stand.'" (citations omitted) (first quoting *Dudley v. Pendagrass*, No. 06 Civ. 216, 2008 WL 4790501, at * 4 (E.D.N.Y. Oct. 31, 2008)) (second quoting *In re Martin–Trigona*, 763 F.2d 503, 505 n.2 (2d Cir. 1985))).

Vertical offers two potentially meritorious complete defenses. First, it argues that it is not subject to the terms of the collective bargaining agreement ("CBA") because the company was not incorporated until February 9, 2012—several months after Vertical is alleged to have entered into the CBA. (Dkt. No 80 at 12.) In addition to offering an affidavit attesting to Vertical's date of incorporation (*see* Frascone Aff. ¶¶ 2–3), Vertical has proffered an email from 2014 describing the execution of the CBA as a future, anticipated event (*see* Dkt. No. 80-1 Ex. E).[1] Alternatively, Vertical has proffered an email to support the allegation that G. Fazio Construction Company, the General Contractor, was ultimately responsible for payment. (*See* Dkt. No. 80-1 Ex. F.) The Court need not draw any conclusions about the veracity of Vertical's

---

[1] Mason Tenders responds that ERISA § 515 limits the defenses available to employers who seek to allege that no valid collective bargaining agreement ever existed. (*See* Dkt. No. 91 at 9.) One permissible defense, however, is "that the collective bargaining agreement is void (not merely voidable)." *Benson v. Brower's Moving & Storage, Inc.*, 907 F.2d 310, 314 (2d Cir. 1990). Mindful that on a motion to vacate a default judgment "all doubts must be resolved in favor of the party seeking relief from the judgment," *Green*, 420 F.3d at 104, this Court concludes that Vertical has, at this stage, sufficiently raised the possibility that Vertical was never bound by the CBA.

putative defenses; it is enough to conclude that Vertical has "present[ed] some evidence" supporting a meritorious defense.[2] *Micolo*, 2009 WL 742729, at *10.

Third, Mason Tenders will not be unduly prejudiced by this Court's decision to set aside the default judgment. "Some delay is inevitable when a motion to vacate a default judgment is granted; thus, 'delay alone is not a sufficient basis for establishing prejudice.' Something more is needed." *Green*, 420 F.3d at 110 (citations omitted) (quoting *Davis v. Musler*, 713 F.2d 907, 916 (2d Cir. 1983)). In this case, the delay occasioned by setting aside the default judgment will not be especially lengthy or prejudicial. Mason Tenders filed its FAC on October 10, 2016, and Vertical responded to the SAC on April 27, 2017—a delay of under seven months. (*See* Dkt. Nos. 36, 79.) The case is still in its early stages; discovery never commenced with respect to Vertical. *See Haynes v. Zaporowski*, No. 10 Civ. 224A, 2010 WL 3636205, at *2 (W.D.N.Y. Sept. 15, 2010) ("Setting aside the default would not prejudice plaintiff in any way because discovery never began and because no claim or argument from plaintiff would have to be modified in response."). And because Mason Tenders recently filed a second amended complaint adding Defendant Frascone, additional discovery in the case is likely. (*See* Dkt. Nos. 93–94, 101–02.)

## III. Conclusion

For the foregoing reasons, Vertical's motion to set aside the default judgment is GRANTED, and Mason Tenders' motion to strike is DENIED.

---

[2] Mason Tenders contends that a separate judgment has collaterally estopped Vertical from arguing that it is not bound by the CBA. (*See* Dkt. No. 87 at 7; Dkt. No. 91 at 10.) Vertical responds that the judgment in question—a judgment confirming a default arbitration award—does not have preclusive effect because Vertical never received actual notice of the arbitration and, as a result, did not have a full and fair opportunity to litigate the issue. (*See* Dkt. No. 95 at 6–7.) Without the benefit of full briefing and discovery, drawing a conclusion on the issue of collateral estoppel at this time would be premature.

The Clerk of Court is directed to close the motions at Docket Numbers 80 and 85.

SO ORDERED.

Dated: September 11, 2017
       New York, New York

                                                J. PAUL OETKEN
                                           United States District Judge